IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES A. MUHAMMAD,

        Plaintiff,

v.                                              CIVIL ACTION NO.  2:15-cv-16190

PNC BANK, N.A.,

        Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the Motion to Dismiss [ECF No. 6] filed by the defendant, PNC Bank, N.A. The plaintiff, James A. Muhammad, has responded to and the defendant has replied in support of the Motion, making the Motion ripe for adjudication. Resp. [ECF No. 12]; Reply [ECF No. 14]. For the reasons stated below, the court **DENIES** the Motion.

I.    Background

The plaintiff has a "home-secured loan" with the defendant. Compl. ¶ 4 [ECF No. 1-1]. Although neither the plaintiff's "Note nor . . . Deed of Trust provide for the assessment of speed pay fees or document request fees," the defendant charged the plaintiff "numerous speed pay fees" and "several document fees." *Id.* ¶¶ 5–6, 9; *see also id.* ¶ 7, 10 (alleging the plaintiff was charged a $12 speed pay fee in November 2013 and a $5 document fee in December 2014). Further, neither fee "reflect[s] the actual cost of the service." *Id.* ¶ 8; *accord id.* ¶ 11. The assessment of these fees,

according to the plaintiff, violates the West Virginia Consumer Credit & Protection Act ("Credit & Protection Act").

Speed pay fees—which are the subject of the Motion—are incurred when a borrower, like the plaintiff, elects to use the defendant's speed pay service. The speed pay service is offered "[a]s a convenience to customers" and "allow[s] borrowers to have their payment immediately credited to their mortgage amount." Mem. Supp. Mot. Dismiss 2 [ECF No. 7].

On August 31, 2015, the plaintiff, on behalf of himself and all other similarly situated individuals, filed his Complaint in the Circuit Court of Kanawha County, West Virginia. The plaintiff alleges three causes of action. In Count One, the plaintiff alleges violations of section 46A-2-128(d) of the West Virginia Code in relation to the speed pay fees. The plaintiff claims the speed pay fees violate section 46A-2-128(d) because the fees, which are incidental to the plaintiff's principal obligation, are not authorized by agreement or by statute. In Count Two, the plaintiff alleges violations of section 46A-2-128(d) in relation to the document fees. The plaintiff claims the document fees violate section 46A-2-128(d) because the fees, which are incidental to the plaintiff's principal obligation, are not authorized by the agreement or by statute. In Count Three, the plaintiff alleges violations of section 46A-2-127 of the West Virginia Code. The plaintiff claims the defendant misrepresented the amount of a claim "[b]y assessing or collecting speed pay and document fees that it had no right to assess." Compl. ¶ 29.

This case was removed to the United States District Court for the Southern District of West Virginia on December 16, 2015. Notice of Removal [ECF No. 1]. Subsequently, the defendant filed its Motion requesting dismissal of Count One in its entirety and of Count Three insofar as it relates to the speed pay fees.

## II. Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. § 1332(d) because this class action involves more than 100 individuals, the amount in controversy exceeds $5 million, and the proposed class (i.e., West Virginia residents) and the defendant (i.e., a citizen of Delaware) are diverse. 28 U.S.C. § 1332(d)(2); *see also* Notice of Removal 5–12 (noting the class includes at least 1169 individuals, indicating the citizenship of the parties, and discussing the amount in controversy).

## III. Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim is one accompanied by facts allowing the court to draw the reasonable inference that the defendant is liable, facts moving the claim beyond the realm of mere possibility. *Id.* Mere "labels and conclusions" or "formulaic

3

recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.[1]

## IV. Discussion

The Motion focuses on the speed pay fees assessed by the defendant and the two counts of the Complaint concerning the assessment of these fees. *See* Compl. ¶¶ 17–22, 28–29 (alleging the defendant assessed the speed pay fees in violation of section 46A-2-128(d) and the defendant, by assessing the speed pay fees, misrepresented a claim in violation of section 46A-2-127). The defendant argues these claims must be dismissed because they are insufficiently pled.[2]

The defendant argues that the plaintiff "fails to describe the charge or any of the circumstances associated with its application" and "conclud[es] the fee is incidental to the principal obligation." Mem. Supp. Mot. Dismiss 3. The heart of the defendant's Motion is the defendant's contention that, based on the allegations of the Complaint, the speed pay fees are not incidental to the principal obligation and, therefore, are not assessed in violation of section 46A-2-128(d). As a result, according to the defendant, the plaintiff's claims related to the speed pay fees should be dismissed. The court disagrees with the defendant, and the court concludes the factual allegations regarding the speed pay fees are sufficient to allege a violation of section 46A-2-128(d).

---

[1] While the legal questions presented seem readily capable of resolution, a motion to dismiss merely tests the legal sufficiency of the pleading and is not, therefore, the proper mechanism for final resolution of these matters.

[2] The defendant's argument that the plaintiff's section 46A-2-127 claim should be dismissed insofar as it relates to the speed pay fees is wholly dependent upon dismissal of the plaintiff's section 46A-2-128(d) claim related to the speed pay fees (i.e., Count One of the Complaint).

Section 46A-2-128(d) prohibits "[t]he collection of or the attempt to collect any interest or other charge, fee[,] or expense incidental to the principal obligation unless . . . expressly authorized by the agreement creating or modifying the obligation and by statute or regulation." W. Va. Code § 46A-2-128(d). To fall within the scope of this provision, the speed pay fees must be incidental to the plaintiff's principal obligation (i.e., the plaintiff's loan). Even though neither the Credit & Protection Act nor the Supreme Court of Appeals of West Virginia have defined "incidental" for the purposes of this section, the Supreme Court of Appeals of West Virginia "has consistently stated that the [Credit & Protection Act] is to be given a broad and liberal construction." *Bourne v. Mapother & Mapother, P.S.C.*, 998 F. Supp. 2d 495, 500 (S.D. W. Va. 2014) (citing *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 461 S.E.2d 516, 523 (1995)).

In an attempt to show that assessing the speed pay fees cannot give rise to a claim under section 46A-2-128(d), the defendant directs the court to several cases concerning fees and loans. Mem. Supp. Mot. Dismiss 5–9 (discussing, for example, *Chatman v. Fairbanks Capital Corp.*, No. 02-c-665, 2002 WL 1338492 (N.D. Ill. June 18, 2002); *Cappellini v. Mellon Mortg. Co.*, 991 F. Supp. 31 (D. Mass. 1997); *Stone v. Mellon Mortg. Co.*, 771 So. 2d 451 (Ala. 2000)). The court finds these cases of little persuasive value because these cases do not concern whether the fees at issue were incidental to the obligation at issue for the purposes of a consumer protection statute. Instead, these cases concern whether charging the fees constituted a breach of

5

contract. *E.g.*, *Chatman*, 2002 WL 1338492, at \*3 ("Plaintiff has failed to state a legal claim for a breach of contract regarding 'speed pay' fees.").

In a case more analogous than those cited by the defendant, the Eastern District of New York concluded processing fees were incidental to the primary obligation for purposes of the Fair Debt Collection Practices Act.[3] *Quinteros v. MBI Assocs., Inc.*, 999 F. Supp. 2d 434, 439 (E.D.N.Y. 2014). In *Quinteros*, the plaintiff alleged—among other things—the defendant violated 15 U.S.C. § 1692f(1) by assessing processing fees related to the method of payment, which were incidental to the principal obligation but not authorized by agreement or law. In part, the defendant argued the processing fees were not incidental because the fees had "nothing to do with the amount of the underlying debt or transaction" and were, instead, "the cost of doing business." *Id.*

The *Quinteros* court found the defendant's arguments unavailing. Considering the remedial nature of the Fair Debt Collection Practices Act, the court concluded the defendant's narrow construction of "incidental" was without any legal basis. *Quinteros*, 999 F. Supp. 2d at 439 (noting the Fair Debt Collection Practices Act "is a remedial statute which should be liberally construed" (quoting *Harrison v. NBD Inc.*, 968 F. Supp. 837, 844 (E.D.N.Y. 1997))). "Indeed," the court noted, "courts in the

---

[3] The relevant provisions of the Fair Debt Collection Practices Act and the Credit & Protection Act use similar language. *Compare* 15 U.S.C. § 1692f(1) (prohibiting "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law"), *with* W. Va. Code § 46A-2-128(d) (prohibiting "[t]he collection of or the attempt to collect any interest or other charge, fee[,] or expense incidental to the principal obligation unless . . . expressly authorized by the agreement creating or modifying the obligation and by statute or regulation"). Considering the similar language, cases interpreting the Fair Debt Collection Practices Act provide persuasive authority.

Second Circuit have applied § 1652f(1) to processing or transaction fees similar to the one at issue here, even though those fees were not penalties or connected to the underlying debt or the amount of principal owed." *Id.* (citing *Tuttle v. Equifax Check*, 190 F.3d 9, 11, 15 (2d Cir. 1999); *Shami v. National Enter. Sys.*, No. 09-cv-722, 2010 WL 3824151, at *2–4 (E.D.N.Y. Sept. 23, 2010)).

In this case, the speed pay fees—like the fees at issue in *Quiteros*—are processing or transaction fees associated with the primary obligation. Based on the allegations and reasonable inferences drawn therefrom, the speed pay fees are paid to expedite crediting of payment on the principal obligation. The plaintiff was charged these fees in connection with his loan. These facts are enough to allege the speed pay fees were incidental to the loan. *Cf. Incidental*, New Oxford Am. Dictionary (3d ed. 2010) (defining "incidental" as "accompanying but not a major part of something" and "occurring by chance in connection with something else"); Webster's New Dictionary of Synonyms 11 (1978) (noting the term "typically suggests a real and often a designed relationship, but one which is secondary and nonessential"). As a result, these facts are enough to state a claim for violations of section 46A-2-128(d).

Accordingly, the Complaint contains allegations sufficient to state a claim under section 46A-2-128(d) because it alleges facts showing the speed pay fees were incidental to the plaintiff's loan. The plaintiff's claim is not subject to dismissal, and the court **DENIES** the Motion.

### V. Conclusion

The court **DENIES** the Motion to Dismiss [ECF No. 6].

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion & Order to counsel of record and any unrepresented party.

ENTER: February 29, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE