IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES A. MUHAMMAD,

        Plaintiff,

v.                                CIVIL ACTION NO.  2:15-cv-16190

PNC BANK, N.A.

        Defendant.

MEMORANDUM OPINION & ORDER

Pending before the court is the plaintiff, James A. Muhammad's, Motion for Class Certification [ECF No. 61]. The defendant, PNC Bank, N.A., filed its Response [ECF No. 66], and the plaintiff filed his Reply [ECF No. 72] making the Motion ripe for adjudication. For the reasons discussed below, the Motion for Class Certification is **DENIED**.

I.    Background

The plaintiff has a "home-secured loan" with the defendant. Notice of Removal Ex. A, at ¶ 4 ("Compl.") [ECF No. 1-1]. Although neither the plaintiff's "Note nor . . . Deed of Trust provide for the assessment of speed pay fees or document request fees," the defendant charged the plaintiff "numerous speed pay fees" and "several document fees." *Id.* ¶¶ 5–6, 9; *see also id.* ¶ 7, 10 (alleging the plaintiff was charged a $12 speed pay fee in November 2013 and a $5 document fee in December 2014). Further, neither fee "reflect[s] the actual cost of the service." *Id.* ¶ 8; *accord id.* ¶ 11. The assessment

of these fees, according to the plaintiff, violates the West Virginia Consumer Credit & Protection Act.

On August 31, 2015, the plaintiff, on behalf of himself and all other similarly situated individuals, filed his Complaint in the Circuit Court of Kanawha County, West Virginia. The plaintiff alleges three causes of action. In Count One, the plaintiff alleges violations of section 46A-2-128(d) of the West Virginia Code in relation to the speed pay fees. The plaintiff claims the speed pay fees violate section 46A-2-128(d) because the fees, which are incidental to the plaintiff's principal obligation, are not authorized by agreement or by statute. In Count Two, the plaintiff alleges violations of section 46A-2-128(d) in relation to the document fees. The plaintiff claims the document fees violate section 46A-2-128(d) because the fees, which are incidental to the plaintiff's principal obligation, are not authorized by the agreement or by statute. In Count Three, the plaintiff alleges violations of section 46A-2-127 of the West Virginia Code. The plaintiff claims the defendant misrepresented the amount of a claim "[b]y assessing or collecting speed pay and document fees that it had no right to assess." *Id.* at ¶ 29.

This case was removed to the United States District Court for the Southern District of West Virginia on December 16, 2015. Notice of Removal [ECF No. 1]. Subsequently, the plaintiff filed his Motion for Class Certification [ECF No. 61] pursuant Rule 23 of the Federal Rules of Civil Procedure. The plaintiff seeks to certify two classes:

> Class A:
>
> All West Virginia citizens at the time of the filing of this action who had or have consumer home loans serviced by Defendant PNC and who were charged Speedpay fees and are listed on Exhibit C.
>
> Class B:
>
> All West Virginia citizens at the time of the filing of this action who had or have consumer home loans serviced by Defendant PNC and who were charged document request fees and are listed on Exhibit C.

Pl.'s Mot. Class Cert. 1. The plaintiff contends that the classes meet the requirements of Rule 23(a) and Rule 23(b)(3). Pl.'s Mem. Supp. Mot. Class Cert. 5–14 [ECF No. 62]; *see* Fed. R. Civ. P. 23(a), (b)(3).

## II.     Legal Standard

"In order to determine whether a class action is proper, the district court must determine whether a class exists and if so what it includes." *Roman v. ESB, Inc.*, 550 F.2d 1343, 1348 (4th Cir. 1976). Class actions must meet several criteria. First, the class must comply with the four prerequisites established in Rule 23(a): (1) numerosity of parties; (2) commonality of factual and legal issues; (3) typicality of claims and defenses of class representatives; and (4) adequacy of representation. Fed. R. Civ. P. 23(a). Second, the class action must fall within one of the three categories enumerated in Rule 23(b); here, the plaintiff seeks to proceed under Rule 23(b)(3), which requires that common issues predominate over individual ones and that a class action be superior to other available methods of adjudication. Fed. R. Civ. P. 23(b)(3); *see* Pl.'s Mem. Supp. Mot. Class Cert. 5–6.

3

The court has "wide discretion in deciding whether or not to certify a proposed class." *Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 6 F.3d 177, 185 (4th Cir. 1993) (quoting *In re A.H. Robins Co.*, 880 F.2d 709, 728–29 (4th Cir. 1989)). "The Fourth Circuit reads Rule 23 liberally and applies it flexibly to 'best serve the ends of justice for affected parties and promote judicial efficiencies.'" *Helmick v. Columbia Gas Transmission*, No. 2:07–cv–00743, 2010 WL 2671506, at *9 (S.D. W. Va. July 1, 2010) (quoting *In re Serzone Prods. Liab. Litig.*, 231 F.R.D. 221, 237 (S.D. W. Va. 2005)).

Nevertheless, the court must still engage in "rigorous analysis" to determine whether the proposed class meets the Rule 23 requirements. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011). The plaintiff bears the burden of persuading the court that a class should be certified. *See Bear v. Oglebay*, 142 F.R.D. 129, 131 (N.D. W. Va. 1992) (citing *Int'l Woodworkers of Am., AFL-CIO v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1267 (4th Cir. 1981)). "The plaintiff . . . must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart*, 564 U.S. at 350.

### III. Discussion

The named plaintiff, Mr. Muhammad, is not a member of the defined classes and therefore cannot represent the classes in this action. A basic requirement running through the Rule 23(a) framework is that class certification is not appropriate unless one or more class representatives actually belong to the proposed class. *Bennett v. Westfall*, 640 F. Supp. 169, 170 (S.D. W. Va. 1986) ("[A] named class

4

representative must be a member of the class at the time the class is certified."). As the Supreme Court explained, "[a] class representative must be part of the class and possess the same interest and suffer the same injury as the class members" in order for adequacy of representation to be satisfied. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997) (quoting *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). The idea that a class representative cannot represent a class of which he is not a member is also inherent in the commonality and typicality requirements of Rule 23(a)(2) and (3). *See* Fed. R. Civ. P. 23(a)(2), (3). "[C]ommonality and typicality tend to merge with the adequacy-of-representation factor because all examine 'whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273, 297 (S.D. Ala. 2006) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982)); *see also Kingery v. Quicken Loans, Inc.*, 300 F.R.D. 258, 265, 266 (S.D. W. Va. 2014) (noting that "the typicality and commonality prongs of Rule 23(a) overlap" and that adequacy "tends to merge with the typicality and commonality requirements"); *McClain v. Lufkin Indus., Inc.*, 187 F.R.D. 267, 279 (E.D. Tex. 1999) (explaining that commonality, typicality, and adequacy "tend to overlap and intertwine" such that they may be collectively referred to as the "nexus requirement"); 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1769 (3d ed. 2016) ("[C]ourts have noted that coextensiveness is a

5

common thread binding Rule 23(a)(3) and Rule 23(a)(4) together."). Indeed, no "legally sufficient nexus" can exist between individual and shared claims if the purported class representative is not even a member of the defined class; adequacy and typicality are thereby undercut because the class representative's interests are "not aligned with the class members' interests." *Fisher*, 238 F.R.D. at 297.

Here, the Complaint defines both proposed classes as "All West Virginia citizens at the time of the filing of this action." Compl. ¶ 12; *see also* Pl.'s Mot. Class Cert. 1. The plaintiff acknowledged in deposition testimony that he has lived and worked in Indiana since April 2013, held an Indiana driver's license since spring 2013, and maintained an Indiana mailing address for utility bills and tax returns since 2014. Muhammad Dep. 12:5–14:9 [ECF No. 67-1]. Further, the plaintiff openly admitted that he has not lived in West Virginia since spring 2013. *Id.* at 15:2–5. This action was filed in the Circuit Court of Kanawha County, West Virginia, on August 31, 2015, two years after the plaintiff left West Virginia. *See id.* at 12:5–13; *see also* Compl. 1.

The plaintiff contends that he "is a member of the proposed class[es]" because the term "West Virginia citizens" actually means "consumers whose loans were secured by real property in West Virginia." Pl.'s Reply Supp. Mot. Class Cert. 3–4 [ECF No. 72]. The plaintiff suggests the court should redefine the class to account for this meaning. *See id.* at 4. Indeed, "there is support in the case law for the notion that district courts have discretion to limit or modify proposed class definitions, and that

6

a class definition requires ongoing refinement and give-and-take." *Fisher*, 238 F.R.D. at 300 (citing *Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597, 611 (E.D. La. 2006) ("[D]istrict courts enjoy discretion to limit or modify class definitions to provide the necessary precision.") (internal quotations omitted)).[1]

The plaintiff, however, has not cited, and the court has not located, any authority requiring a district court to rewrite a class definition and redraw a class boundary submitted by the plaintiff's counsel to drastically expand the class to encompass individuals excluded by the plain terms of the proffered class definition. By the plain meaning of the term "West Virginia citizens," the proposed classes include *people living in West Virginia* with property located *inside and outside* the state secured by a PNC consumer home loan who were assessed the respective fees. If the court were to modify the class definitions to conform with the plaintiff's suggested meaning, the classes would include *anyone* with property located *inside* the state secured by a PNC consumer home loan who were assessed the respective fees. Adopting the plaintiff's suggested meaning would result in the court certifying wholly different classes than those which have been contemplated up to this point.[2]

---

[1] *See also Falcon*, 457 U.S. at 160 ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."); *Adair v. EQT Prod. Co.*, No. 1:10-cv-00037, 2013 WL 5429882, at *33 (W.D. Va. Sept. 5, 2013) (redefining class for the purposes of ascertainability); *Minter v. Wells Fargo Bank, N.A.*, 274 F.R.D. 525, 550 (D. Md. 2011) (redefining class to include other claimants with timely claims).

[2] The court notes that the list of class members that the plaintiff provided in Exhibit C attached to his Motion for Class Certification is overinclusive. The list contains names of borrowers where "[t]he property securing the loan is located in West Virginia *or* the borrower's mailing address is in West Virginia" and thus is not a true representation of the defined classes. *See* Pl.'s Reply Supp. Mot. Class Cert. 2; Pl.'s Mot. Class Cert. Ex. C [ECF No. 61-3]. This brings into question the numerosity requirement because the number of class members the plaintiff asserts is incorrect. Because the

It would be more than a mere modification—it would be a complete departure.

The plaintiff crafted his definitions so that the plaintiff's own citizenship excludes him from the classes. The court's discretion to modify a class definition does not "obligat[e] it unilaterally to expand a class definition in a manner that might prove more advantageous to the plaintiff. Having selected and litigated the class definition of [his] choice, [the] [p]laintiff[] must live with that choice." *Fisher*, 284 F.R.D. at 300. The court rejects the suggestion that the meaning of "West Virginia citizens" is anything but the plain meaning—persons who live in the state of West Virginia. *See Citizen*, *Black's Law Dictionary* (10th ed. 2014) (denoting the popular definition of citizen as "someone who lives in a particular town, county, or state"); *Webster's II New Riverside University Dictionary* 266 (1984) (defining "citizen" as "[a] resident of a city or town, esp. one permitted to vote and enjoy other privileges there"); *see also* W. Va. Const. art. II, § 3 (defining citizenship as "all person residing in this state").

The plaintiff further argues that because courts in the past have certified classes similar to his redefined classes, the court should oblige under these circumstances. Pl.'s Reply Mem. Supp. Mot. Class Cert. 4. Prior certifications of unmodified classes are irrelevant for the purposes of determining whether to modify a class definition. Moreover, because the court has chosen not to modify the class definitions, the court need not consider the propriety of the newly suggested

---

Motion is denied on other grounds, the court will not address this inaccuracy.

definitions.

The plaintiff has set out particular class definitions in his Motion, and it is the plain meaning of those definitions that control. As to the proffered classes, counsel has failed to put forward a named representative who is a member of the classes; the plaintiff does not belong to the classes given that he does not, by his own admission, live in West Virginia and has not lived in West Virginia since spring 2013. This failure is fatal to the Motion for Class Certification.

### IV. Conclusion

The court **DENIES** the Motion for Class Certification [ECF No. 61].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 4, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE